IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BILLY EUGENE BRADLEY**
**and MARY JANE BRADLEY**                                                          **PLAINTIFFS**

**VS.**                                                          **CIVIL ACTION NO. 4:04CV125LR**

**LOCKHEED MARTIN CORPORATION and**
**LOCKHEED MARTIN AERONAUTICAL**
**SYSTEMS SUPPORT COMPANY**                                              **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiffs' Motion to Compel Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents. The court has reviewed the Motion and notes that the Plaintiffs have largely failed to comply with Unif. Local R. 37.1(B), which requires the party seeking to compel discovery responses to quote verbatim every request at issue, as well as stating the specific objection, the grounds assigned for the objection, and the argument supporting the motion for each request. The arguments may not be "may not be general in nature." Because this deficiency was not discovered until the response had been submitted and the time for filing a rebuttal had passed, the court will endeavor, where possible from the material in the motion, to rule on the requests at issue.

What can be determined from the Plaintiffs' Motion is that the Defendants have responded to their production requests partially through the use of general objections, to which they have referred in many, if not all, of their discovery responses. Fed. R. Civ. P. 34(b) requires that a party respond to requests for production with respect to **each** request, "unless the request is objected to, in which event the reasons for the objection shall be stated." Thus, general objections are no more appropriate in response to requests for production than they are for interrogatories. Therefore, the

Defendants will be required to provide an additional response to all of the production requests at issue, with each response to be self-contained and specific.

As to the merits of the Plaintiffs' requests, the court's ruling is as follows:

**Request for Production No. 1:** Although not recited in the Motion, this appears to be simply a request for documents "cited" (presumably, identified) in the Defendants' Interrogatory Responses. There is insufficient information provided as to the response for the court to make an informed ruling on the dispute relative to this Request; therefore, the Motion to Compel will be denied as to the substance of this Request at this time; however, the Defendants will be required to make additional responses, as explained above.

**Request for Production No. 2:** This Request appears to seek copies of exhibits that the Defendants intend to use at trial. The Request is premature, and this matter will be covered by the Pretrial Order; therefore, the Motion to Compel is denied as to this Request.

**Request for Production No. 3:** Although not recited in the Motion, this request seeks documents "generated" by expert witnesses or fact witnesses. The Defendants agreed to produce expert reports generated by experts who would testify at trial. They stated that they were not aware of any other responsive documents "that have not been produced." Because neither the Request nor the Response has been quoted in its entirety, the court cannot make an informed ruling on the substance of this Request. The Motion to Compel will be granted insofar as the Defendants' obligation to make the additional response required above. Additionally, to avoid further review of this Request, if the Defendants have produced documents responsive to this Request, they should be identified, either by Bates number if the documents were organized by request and delivered, or,

if the documents were produced by inspection in the manner in which they were kept in the ordinary course of business, with reference to the category of responsive documents.

**Request for Production No. 4, 5, 8 and 9:**   Again, neither the Requests nor the Responses were quoted verbatim in the Motion; therefore, the court cannot make an informed ruling as to their substance.  The Motion to Compel will be granted to the extent that the Defendants will serve specific responses.  If they contend that they have produced documents responsive to these Requests, they should be identified, either by Bates number if the documents were organized by request and delivered, or, if the documents were produced by inspection in the manner in which they were kept in the ordinary course of business, with reference to the category of responsive documents.

**Request for Production No. 6 and 7:**   These Requests sought insurance policies and related materials, which the Defendants contend have been provided.  No rebuttal argument has been submitted; therefore, the Motion to Compel will be denied as to these Requests.

**Request for Production No. 10:**   This Request sought the curriculum vitae for every expert who would testify at trial.  The Case Management Plan Order entered in this matter provided a date by which expert designations were to be made, and a complete designation would include this material.  The Defendants contend that they have complied with that schedule, and no rebuttal argument has been submitted.  Therefore, the Motion to Compel will be denied as to this Request.

**Request for Production No. 11:**   This Request sought various documents related to personnel policies. Because neither the Request nor the Response is quoted verbatim in the Motion, the court cannot make an informed ruling as to the substance of this Request.  At the heart of the controversy regarding this Request is the manner in which the Defendants produced documents. The

Plaintiffs contend that they were improperly indexed and organized; the Defendants contend that they were produced as they are kept in the normal course of business.

Fed. R. Civ. P. 34(b) permits a party producing documents to choose one of two methods for production – either produce the documents directly to the requesting party, organized by request, or allow inspection of the requested documents, organized as they are kept in the normal course of business. 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure*, § 2213 (2d ed. 1987). If the latter method is chosen, the requesting party must be able to understand the categories well enough to determine whether the documents are responsive. Where the number of documents produced is extensive, an index may be required to assist in that determination. *See Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001) ("[P]roducing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34.").

It is not clear from the pleadings before the court which production method was used here. However, the Defendants state in their Response to the Motion that they provided Bates numbers of the relevant documents, which is certainly enough to identify which documents were responsive. No rebuttal to that statement has been submitted; therefore, the Motion to Compel will be denied as to this Request.

Finally, the court must address the issue of the time frame and geographical limitation of the discovery requests. In ruling on the Interrogatories previously served by the Plaintiffs, the court ruled that the Defendants must provide information on security measures implemented at the Meridian facility since January 1, 1993. With respect to the Requests for Production, the court is of the opinion that the responses should be limited to that facility. On the issue of time, however,

the Defendants have unilaterally decided that discovery should begin in 1998, rather than 1993. With regard to security procedures, the court has already ruled against the Defendants. To the extent that documents related to other issues are sought for that expanded time frame, the court is willing to consider specific arguments addressed to specific productions requests, so long as, if an objection is interposed on the basis of overbreadth or undue burden, some explanation is given as to the magnitude of the effort involved in responding.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Compel Defendants' Responses to Plaintiffs' First Set of Requests of Documents is hereby **granted** in part and **denied** in part, as explained above. The Defendants shall provide amended responses to the Plaintiffs' Interrogatories on or before June 30, 2006.

IT IS SO ORDERED, this the 20th day of June, 2006.

S/John M. Roper
UNITED STATES MAGISTRATE JUDGE